IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-00448-CMA-MJW

MARCEL SANDERS,

Plaintiff,

v.

CONTINENTAL COLLECTION AGENCY, LTD,
NATHAN M. TWEDT LEGAL SERVICES, INC., and
NATHAN MARK TWEDT,

Defendants.

---

**ORDER REGARDING
(1) PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AMENDED AFFIRMATIVE
DEFENSES (DOCKET NO. 15)
AND
(2) PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
(DOCKET NO. 10)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Strike Defendants' Amended Affirmative Defenses (docket no. 15) and Plaintiff's Motion to Strike Defendants' Affirmative Defenses (docket no. 10). The court has reviewed the subject motions (docket nos. 15 and 10) and the response (docket no. 11) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on April 8, 2011, Plaintiff filed a Motion to Strike Defendants' Affirmative Defenses.  See docket no. 10;

5. That on April 21, 2011, Plaintiff filed a Motion to Strike Defendants' **Amended** Affirmative Defenses.  See docket no. 15.  The Plaintiff's Motion to Strike Defendants' Amended Affirmative Defenses (docket no. 15) is the operative motion concerning the striking of Defendants' affirmative defenses, and therefore Plaintiff's Motion to Strike Defendants' Affirmative Defenses (docket no. 10) is MOOT and should be DENIED;

6. That Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case."  Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc., 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008)( citing United States v. Shell Oil Co., 605 F. Supp. 1064, 1085 (D. Colo. 1985)).  "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under

3

any circumstance." Unger v. U.S. West, Inc., 889 F. Supp. 419, 422 (D. Colo. 1995);

7. That "[m]otions to strike are generally disfavored, but are within the district court's sound discretion." Id. (citing F.D.I.C. v. Isham, 782 F. Supp. 524, 530 (D. Colo. 1992));

8  That in this case, Defendants Continental Collection Agency, Ltd., Nathan M. Twedt Legal Services, Inc., and Nathan Mark Twedt have filed an Amended Answer.  In such Amended Answer, these Defendants have plead only three affirmative defenses.  The affirmative defenses plead are: (a) failure to state a cause of action upon which relief can be granted; (b) the "bona fide" error affirmative defense as provided for in the Fair Debt Collections Practices Act; and (c) bad faith for the purpose of harassment;

9  That affirmative defenses are subject to the same pleading requirements as a complaint.  Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999).  See also Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); and

10. That the Defendants have provided to Plaintiff "fair notice" of their three affirmative defenses in their Amended Answer and have further meet the requirements for pleadings concerning "plausibility" under Iqbal, *supra*.  I also find that these three affirmative defenses will not increase the time and expense in this case and will not confuse or complicate the issues in the case.

4

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusion of law this court **ORDERS**:

1. That Plaintiff's Motion to Strike Defendant's Amended Affirmative Defenses **(docket no. 15)** is **DENIED**;

2. That Plaintiff's Motion to Strike Defendants' Affirmative Defenses **(docket no. 10)** is MOOT and therefore **DENIED**; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 5th day of May 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE